Alan R. Ackerman, Esquire
LAW OFFICES OF ALAN R. ACKERMAN
1719 Route 10 East, Suite 104
Parsippany, NJ 07054
(973) 898-1177
araesq@alanackermanlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| EMILY SEIBERT, | : |
| | : Civil Action |
| Plaintiff, | : |
| vs. | : Case No.: |
| | : |
| DAVIS AND ASSOCIATES LLC, a Limited Liability Company, | : |
| | : |
| Defendant. | : |

# COMPLAINT

COMES NOW, EMILY SEIBERT, by and through the undersigned counsel, and files this, her Complaint against Defendant, DAVIS AND ASSOCIATES LLC, a Limited Liability Company, (sometimes referred to as "Defendant"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows the Court as follows:

## JURISDICTION

1. The Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 et seq., based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff EMILY SEIBERT (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Pitman, New Jersey (Gloucester County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon the Court so an injunction can be issued correcting the numerous ADA violations on the Property, as defined below, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

5. Defendant, DAVIS & ASSOCIATES LLC (hereinafter "Davis") is a for profit New Jersey Limited Liability Company that transacts business in the state of New Jersey and within the judicial district.

6. Davis is the owner of certain real property and building located at 500 Route 73 South, Evesham, New Jersey 08053 more commonly known as The Promenade at Sagemore, and on the Evesham Tax Map as Block 33.11 Lot 1 (the "Property").

7. Davis's principal place of business is located at 8000 Sagemore Drive, Suite 8201, Evesham, New Jersey 08053.

**FACTUAL ALLEGATIONS**

8. On or about July 12, 2021, Plaintiff was a customer at "LA SCALA'S FIRE" a business operating at the Property and referenced herein as "LA SCALA."

9. Plaintiff lives approximately 19 miles from La Scala and the Property.

10. Plaintiff's access to the businesses located at the Property and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages, and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at La Scala and the Property, including those set forth in her Complaint.

11. La Scala is a tenant at the Property.

12. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Property within six months or sooner as soon as the barriers to access detailed in her Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when the Property is made accessible and to maintain standing for her lawsuit for Advocacy Purposes.

13. Plaintiff intends to visit La Scala and the Property to purchase goods and services.

14. Plaintiff travelled to La Scala and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at La Scala and the Property that are detailed in her Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at La Scala and the Property

## COUNT I

### VIOLATIONS OF THE ADA AND ADAAG

15. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

16. Congress found, among other things, that:

   (i) some 43,000,000 Americans have one or more physical or mental disabilities, and the number is increasing as the population as a whole is growing older;

   (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   (iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

   (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

17. Congress explicitly stated that the purpose of the ADA was to:

   (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

   * * * * *

   (iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

18. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

19. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

20. La Scala is a public accommodation and service establishment.

21. The Property is a public accommodation and service establishment.

22. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

23. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 et seq.; 28 C.F.R. § 36.508(a).

24. La Scala must be, but is not, in compliance with the ADA and ADAAG.

25. The Property must be, but is not, in compliance with the ADA and ADAAG.

26. Plaintiff has attempted to, and has to the extent possible, accessed La Scala and the Property in her capacity as a customer of La Scala and the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at La Scala and the Property that preclude and/or limit her access to La Scala and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in her Complaint.

27. Plaintiff intends to visit La Scala and the Property again in the very near future as

a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at La Scala and the Property and as an independent advocate for the disabled, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at La Scala and the Property that preclude and/or limit her access to La Scala and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in her Complaint.

28. Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of La Scala and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at La Scala and the Property, including those specifically set forth herein, and make La Scala and the Property accessible to and usable by Plaintiff and other persons with disabilities.

30. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to La Scala and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of La Scala and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS**

    a. Adjacent to Zoe's Kitchen, there is an accessible disabled parking space containing a sign indicating the accessible parking space is "Van Accessible," however the dimensions and markings of the accessible parking space do not comply with the van accessible dimensions and markings set forth in section 502.2 of the 2010

    ADAAG standards. This violation would make it difficult for Plaintiff to locate a van accessible parking space.

b. Adjacent to Zoe's Kitchen, there is a vertical rise at the base of the accessible ramp that is in excess of a ¼ of an inch, in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access public features of the Property when using this accessible ramp as vertical rises on ramps are particularly dangerous as the surface of the ramp is already at a significant slope which increases the likelihood of the wheelchair to tip over due to the vertical rise.

c. Adjacent to Zoe's Kitchen, there is another accessible ramp directly adjacent to the left of the access aisle and there is a vertical rise at the base of the accessible ramp that is approximately an inch, in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access public features of the Property when using this accessible ramp as vertical rises on ramps are particularly dangerous as the surface of the ramp is already at a significant slope which increases the likelihood of the wheelchair to tip over due to the vertical rise.

d. There is an accessible route that connects the two buildings between Sephora (one building) and Frutta Bowls (other building). On the side of Sephora, the Property has an accessible ramp leading to the accessible entrances with a slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property because when ramps are too steep it requires too much physical arm strain to wheel up the ramp and increases the likelihood of the wheelchair falling backwards and Plaintiff being injured.

e. There is an accessible route that connects the two buildings between Sephora (one building) and Frutta Bowls (other building). There is an accessible ramp on the side of Frutta Bowls and there is a vertical rise at the base of the accessible ramp that is approximately an inch, in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access public features of the Property when using this accessible ramp as vertical rises on ramps are particularly dangerous as the surface of the ramp is already at a significant slope which increases the likelihood of the wheelchair to tip over due to the vertical rise.

f. There is a ramp in front of Unit A28 adjacent to the Coach store which connects the different building across the street to Francesca's and this accessible ramp leading to the accessible entrances has a slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property because when ramps are too steep it requires too much physical arm strain to wheel up the ramp and increases the likelihood of the wheelchair falling backwards and Plaintiff being injured.

g. In front of Pottery Barn Kids, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property because when ramps are too steep it requires too much physical arm strain to wheel up the ramp and increases the likelihood of the wheelchair falling backwards and Plaintiff being injured.

h. There is another accessible ramp that is also in front of Pottery Barn Kids and serves as the access route throughout the parking lot and the ground surfaces of the accessible ramp have vertical rises approximately an inch in height due to broken and unstable surfaces and fails to comply with Sections 302, 303 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property as Plaintiff's wheel could get snagged on the vertical rise and cause the wheelchair to tip.

i. In front of the store Altar'd State, the accessible parking space is missing an identification sign in violation of section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

j. Across the vehicular way from Banana Republic, due to a failure to enact a policy of proper maintenance, the ground surfaces of the accessible ramp have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302, 303 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property as Plaintiff's wheel could get snagged on the vertical rise and cause the wheelchair to tip.

k. Nearest to Banana Republic, the Property has an accessible ramp leading to the accessible entrances with a slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property because when ramps are too steep it requires too much physical arm strain to wheel up the ramp and increases the likelihood of the wheelchair falling backwards and Plaintiff being injured.

l. In front of PF Chang's, due to the placement of a bench in front of the ramp, the landing of the curb accessible ramp did not have 36 (thirty-six) inch clear space in violation of section 406.4 of the 2010 ADAAG standards. This violation would make it difficult and dangerous for Plaintiff to access the units of the Property.

m. In front of PF Chang's, the walking surfaces of the accessible route leading from the accessible parking spaces have a cross slope in excess of 1:48, in violation of section 403.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property as cross-slopes can cause the wheelchair to tip.

n.  In front of Redstone American Grill, the accessible parking space is missing an identification sign in violation of section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

o.  Near Redstone American Grill, the walking surfaces of the accessible route leading from the 2 accessible parking spaces lacks a level turning space of at least 60 inches in diameter circle or a 60 inch square minimum t-shaped space in violation of section 304.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

p.  Across the vehicular way from Brio, the accessible ramp leading from the parking lot to the accessible entrances has a rise greater than 6 (six) inches but does not have handrails complying with section 505 of the 2010 ADAAG standards, this is a violation of section 405.8 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

q.  Across the vehicular way from Brio, the accessible ramp leading from the parking lot to the accessible entrances has a slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property because when ramps are too steep it requires too much physical arm strain to wheel up the ramp and increases the likelihood of the wheelchair falling backwards and Plaintiff being injured.

r.  Near Anthropology, the ground surfaces of the two accessible spaces have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Section 502.4, 302 and 303 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

s.  Near Anthropology, the ground surfaces access aisle has vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Section 502.4, 302 and 303 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

t.  Near Anthropology, the accessible parking spaces and associated access aisle have a running slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as Plaintiff's wheelchair may roll down the slope while entering or exiting the vehicle.

u.  Across the vehicular way from Arhaus, the walking surfaces of the accessible route have a cross slope in excess of 1:48, in violation of section 403.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

    v. Across the vehicular way from Arhaus, some of the walking surfaces of the accessible ramp have a surface slope in excess of 1:20, this is an impermissible counter-slope in violation of section 406.2 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the units of the Property.

    w. Across the vehicular way on the other side of Arhaus, there is a vertical rise at the base of the accessible ramp that is an inch, in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access public features of the Property when using this accessible ramp as vertical rises on ramps are particularly dangerous as the surface of the ramp is already at a significant slope which increases the likelihood of the wheelchair to tip over due to the vertical rise.

    x. Across the vehicular way on the other side of Arhaus, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property because when ramps are too steep it requires too much physical arm strain to wheel up the ramp and increases the likelihood of the wheelchair falling backwards and Plaintiff being injured.

    y. In front of Chipotle at the corner is an accessible ramp that connects the Chipotle building to the other building which is the Promenade concierge shops. This accessible ramp has a slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property because when ramps are too steep it requires too much physical arm strain to wheel up the ramp and increases the likelihood of the wheelchair falling backwards and Plaintiff being injured.

    z. Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

31. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at La Scala and the Property.

32. Plaintiff requires an inspection of La Scala and the Property in order to determine all of the discriminatory conditions present at La Scala and the Property in violation of the ADA.

33. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

34. All of the violations alleged herein are readily achievable to modify to bring La Scala and the Property into compliance with the ADA.

35. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at La Scala and the Property is readily achievable because the nature and cost of the modifications are relatively low.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at La Scala and the Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

37. Upon information and good faith belief, the La Scala and the Property have been altered since 2010.

38. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at La Scala and the Property, including those alleged herein.

40. Plaintiff's requested relief serves the public interest.

41. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43. Pursuant to 42 U.S.C. § 12188(a), the Court is provided authority to grant injunctive

relief to Plaintiff, including the issuance of an Order directing Defendant to modify La Scala and the Property to the extent required by the ADA.

  **WHEREFORE**, Plaintiff prays as follows:

  (a) That the Court find La Scala's Fire in violation of the ADA and ADAAG.

  (b) That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

  (c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject DAVIS AND ASSOCIATES LLC to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

  (d) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

  (e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Respectfully Submitted,

Alan R. Ackerman, Esquire
LAW OFFICES OF ALAN R. ACKERMAN
1719 Route 10 East
Parsippany, NJ 07054
Ph: (973) 898-1177
Fax: (973) 898-1230
Email: araesq@alanackermanlaw.com
*Counsel for Plaintiff, Emily Seibert*